**IT IS SO ORDERED.**

**SIGNED THIS: October 17, 2007**

_____
**GERALD D. FINES
UNITED STATES BANKRUPTCY JUDGE**
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

IN RE:                                    )
                                          )
WILLIAM F. JEDLINK and                    ) Bankruptcy Case No. 04-93337
MERYEM JEDLINK,                           )
                                          )
            Debtors.                      )

OPINION

This matter having come before the Court on a Motion to Bar and for Sanctions filed by the Debtors and a Motion to Strike and for Sanctions filed by Empire Tax Corporation and Dennis D. Ballinger; the Court, having heard arguments of counsel and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

The material facts in this matter are not in dispute. Debtors' Sixth Amended Plan of Reorganization was confirmed by order of this Court on May 24, 2007, as amended by order of the Court on June 6, 2007. Debtors' confirmed Plan of Reorganization provides specific treatment for the payment of the claims of both Empire Tax Corporation and Dennis D.

Ballinger. The Debtors' Sixth Amended Plan of Reorganization was confirmed without any objection from either Empire Tax Corporation or Dennis D. Ballinger.

In their Motion to Bar and for Sanctions, the Debtors seek to bar Creditors Empire Tax Corporation and Dennis D. Ballinger from seeking any further relief in the Circuit Court of Livingston County, Illinois, on their Petitions seeking a sale in error with regard to real estate taxes which the Creditors had previously purchased from Livingston County. The Debtors also seek sanctions against Empire Tax Corporation and Dennis D. Ballinger for their actions in the Circuit Court of Livingston County, Illinois, prior to the filing of the Motion to Bar and for Sanctions. In response to Debtors' Motion, Creditors, Empire Tax Corporation and Dennis D. Ballinger, filed a Motion to Strike and for Sanctions requesting that the Court strike the Debtors' Motion to Bar and for Sanctions and to enter sanctions against Debtors' attorney for his failure to recognize what Creditors characterize as the clear state of the law in this area.

It is well settled that, pursuant to 11 U.S.C. § 1141(a), creditors are bound by the terms of a confirmed Chapter 11 plan of reorganization. See: In re Varat Enterprises, Inc., 81 F.3d 1310 (4th Cir. 1996). See also: In re Commings, 297 B.R. 701 (Bankr. N.D. Ill. 2003). Given the clear language in Debtors' Sixth Amended Plan of Reorganization as to the treatment of Creditors, Empire Tax Corporation and Dennis D. Ballinger, and of the binding effect of the confirmation of their reorganization plan in absence of objections from either Creditor, the Court finds that the Debtors' Motion to bar must be allowed. The Creditors cannot seek further relief in the Circuit Court of Livingston County, Illinois, on their claims, and are bound by the clear terms of the Debtors' confirmed Plan of Reorganization.

In addition to their Motion to bar, Debtors also seek sanctions against Creditors, Empire Tax Corporation and Dennis D. Ballinger, for Petitions seeking a sale in error which they filed with the Livingston County Circuit Court following the Debtors filing for relief under Chapter 11 and continuing actions on those Petitions following this Court's

confirmation order of May 24, 2007. In response to the Debtors' request for sanctions, Creditors assert that they were acting under authority of 35 ILCS 200/21-310(a)(6) and the Illinois Appellate Court decision of In re the Application of the County Collector for Delinquent Taxes (Dennis D. Ballinger v. Hickory Point Bank and Trust, et al.), 291 Ill.App.3d 588, 683 N.E.2d 995 (1997). While the Court finds that the authority cited by the Creditors is valid, it concludes that, under the particular facts of this case, that authority is not applicable. This case involves a confirmed Chapter 11 plan of reorganization providing specific treatment for the claims of the subject Creditors. The subject Creditors had more than ample time to object to the proposed terms of Debtors' Sixth Amended Plan of Reorganization, yet failed to do so. Thus, as stated above, the Court finds that Creditors can take no further actions on their claims in the Livingston County Circuit Court. Although the Court has found in favor of the Debtors on the Motion to bar, it finds that the actions taken by Creditors, Empire Tax Corporation and Dennis D. Ballinger, were not willful, and were pursued with the belief that valid legal authority existed to support the relief requested in the State Court proceedings. As such, the Court finds that there is no basis for an entry of sanctions against either Empire Tax Corporation or Dennis D. Ballinger, and, further, that no sanctions are appropriate against Debtors' counsel as requested in the Motion to Strike and for Sanctions filed by Empire Tax Corporation and Dennis D. Ballinger.

###